JUDGE KOELTL

Lloyd Ambinder
Kara Miller
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
Tel: (212) 943-9080
Fax: (212) 943-9082

**12 CV 5722**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

LUIS OLMEDO ESPINOZA, individually and on behalf of all other persons similarly situated who were employed by 42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN,

                                        Plaintiffs,

                    - against -

42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN, individually,

                                        Defendants.

---

CIVIL ACTION
FILE NO:


**COMPLAINT**



RECEIVED
JUL 25 2012
U.S.D.C. S.D. N.Y.
CASHIERS

The Named Plaintiff, by his attorneys, Virginia and Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows

**PRELIMINARY STATEMENT**

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. § 207, and 216(b); New York Labor Law § 633; 12 New York

Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 146-1.4 to recover unpaid overtime compensation owed to LUIS OLMEDO ESPINOZA (hereinafter the "Named Plaintiff"), and all similarly situated persons who are presently or were formerly employed by 42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC (collectively the "Corporate Defendants") and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN, individually (hereinafter collectively referred to as "Defendants").

2.      Beginning in approximately July 2006, and upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring the Named Plaintiff and members of the putative class to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

4.      Under the direction of Defendants' corporate officer and/or director Eytan Sugarmn, Defendants instituted this practice of depriving their employees of overtime compensation, as mandated by federal and state law.

5.      The Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, compensation, including overtime compensation, that he and all similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

## THE PARTIES

6.      The Named Plaintiff, Luis Olmedo Espinoza, resides in the State of New York and was employed by Defendants from approximately 2006 until July 2012 as a runner and food

expediter.

7.     Defendant 42-15 235th Street Hospitality, LLC (formerly known as Southern Hospitality Restaurant Group, LLC) is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1460 Second Avenue, New York, New York 10021.   Defendant 42-15 235TH STREET HOSPITALITY, LLC is engaged in the restaurant business.

8.     Defendant 1460 Second Avenue Restaurant Group LLC is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1460 Second Avenue, New York, New York 10021 and/or 315 5th Avenue, Suite 904, New York, New York 10016.  Defendant 1460 Second Avenue Restaurant Group LLC is engaged in the restaurant business.

9.     Upon information and belief, Defendant Eytan Sugarman is a resident of the State of New York at 1460 Second Avenue, New York, New York 10021 and at all relevant times was an officer, director, and/or owner of 42-15 235th Street Hospitality, LLC and 1460 Second Avenue Restaurant Group LLC.

## JURISDICTION

10.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §§ 207 and 216(b) and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. §1367 of the claims brought under the New York Law.

11.     The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

12.     The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

-3-

## VENUE

13.     Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## CLASS ALLEGATIONS

14.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure with respect to the New York Labor Law claims asserted herein.

15.     This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who worked more than 40 hours per week for Defendants other than office and executive personnel.

16.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

17.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  The common questions of law and fact include: (1) whether Plaintiff and members of the putative class were paid overtime compensation for all hours worked over 40 each week.

18.     The claims of the Named Plaintiff are typical of the claims of the putative class. Plaintiff and putative class action members were all subject to Defendants policies and willful practices of failing to pay employees all earned overtime wages.  The Plaintiff and the putative class action members thus have sustained similar injuries as a result of the Defendants' actions.

19.     The Named Plaintiff and his counsel will fairly and adequately protect the

-4-

interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

20.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

21.    Beginning in or about 2006, Defendants employed the Named Plaintiff and other members of the putative class to perform work in furtherance of their restaurant business, which includes, but is not limited to, servers, runners, bussers, food expediters, cooks, dishwashers, and other employees.

22.    Defendants operate three restaurants: Southern Hospitality on Second Avenue, Southern Hospitality on Ninth Avenue, and Strawberry's Sports Grill.

23.    Plaintiff and members of the putative class routinely worked at more than one of Defendants' three restaurant locations, working more than 40 hours each week, without being paid overtime wages for all hours worked over 40.

24.    Named Plaintiff Espinoza worked at Southern Hospitality on Second Avenue, Southern Hospitality on Ninth Avenue, and Strawberry's Sports Grill during his employment.

25.    While working for Defendants, Plaintiff Espinoza typically worked 6 days per week. Most recently, he typically worked Monday through Thursday from approximately 11:00 AM to 4:00 PM and Fridays and Saturdays from approximately 11:00 AM to 5:00 PM at the Second Avenue location, and from approximately 5:00 PM to 10:00 PM Monday through

Thursday at the Ninth Avenue location.

26.     While working for Defendants, the Named Plaintiff was paid between $11.00 and $12.00 per hour when working as a non-tipped food expeditor, and was paid approximately $4.60 per hour plus tips when working as a tipped runner.

27.     Plaintiff Espinoza regularly worked more than 40 hours per week but did not receive overtime compensation for all the hours he worked over 40.

28.     Upon information and belief, members of the putative class also did not receive the required overtime compensation for all hours worked over 40.

29.     Upon information and belief, Eytan Sugarman is and at all relevant times was the presidents and/or owners of the corporate Defendants, and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for Corporate Defendants; (iii) determined the rate and method of payment for the Corporate Defendants' employees; and (iv) maintained employment records for the Corporate Defendants.

30.     Upon information and belief, Defendant Eytan Sugarman was the principal and owner of the Corporate Defendants, dominated the day-to-day operating decisions of the Corporate Defendants, and made major personnel decisions for the Corporate Defendants.

31.     Upon information and belief, Eytan Sugarman had complete control of the alleged activities of the Corporate Defendants, which give rise to the claims brought herein.

32.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## FIRST CAUSE OF ACTION
## FLSA OVERTIME COMPENSATION

33.     The Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 32 hereof.

34.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

35.     Defendants failed to pay the Named Plaintiff and upon information and belief, other members of the putative class, overtime wages, at the rate of one and one-half times the regular rate of pay, for all the time in which they worked after the first forty hours in any given week.

36.     Defendants' failure to pay the Named Plaintiff and other members of the putative class their rightfully owed wages and overtime compensation was willful.

37.     By the foregoing reasons, Defendants are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

38.     The Named Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 37 hereof.

39.     12 NYCRR §146-1.4 requires that "[A]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of

40 hours in one workweek. When an employer is taking a credit toward the basic minimum hourly rate pursuant to section 146-1.3 of this Subpart, the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1 1/2, minus the tip credit. It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by one and one half."

40.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

41.     The Named Plaintiff and, upon information and belief other members of the putative class, worked more than forty hours a week while working for Defendants.

42.     The Named Plaintiff and, upon information and belief other members of the putative class, did not receive overtime compensation for all hours worked after the first forty hours in a week.

43.     Consequently, by failing to pay the Named Plaintiff and other members of the putative class overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 146-1.4.

44.     Upon information and belief, Defendants' failure to pay overtime compensation for work performed by the Named Plaintiff and other members of the putative class after the first forty hours worked in a week was willful.

45.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 146-1.4, and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees, and

costs.

WHEREFORE, the Named Plaintiff individually and on behalf of all other persons similarly situated who were employed by Defendants demands judgment:

1.     on his first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

2.     on his second cause of action, against Defendants in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs; and

3.     such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 24, 2012

VIRGINIA & AMBINDER, LLP

By: _____
     Lloyd R. Ambinder, Esq.
     Kara Miller, Esq.
*Attorneys for the Named Plaintiff and members of*
*the putative class*
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080
kmiller@vandallp.com