UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

LUIS OLMEDO ESPINOZA, individually and on behalf of all other persons similarly situated who were employed by 42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTARUANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN,

             Plaintiffs,

-against-

42-15 235TH STREET HOSPITALITY, LLC formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-5 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN, individually,

             Defendants.

------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/15/12

Civ. No.: 12-cv-5722 (JGK)

## STIPULATION AND TOLLING AGREEMENT

    WHEREAS Plaintiff Luis Espinoza filed his Second Amended Complaint in the above-captioned action on September 10, 2012;

    WHEREAS Plaintiff Gilberto Pacheco filed his Complaint in Southern District Case Number 12-CV-6664, which was recently reassigned to this Court;

    WHEREAS Plaintiffs Espinoza and Pacheco, through counsel, have indicated their intention to move for consolidation of their separate actions;

    WHEREAS Defendants have indicated their intention to move to dismiss the claims against the individual Defendant and all other individuals in both actions;

WHEREAS Plaintiffs have stated their intention to amend the *Espinoza* Complaint to cure the purported deficiencies in the current Complaint relating to the individual Defendant;

IT IS NOW THEREFORE AGREED:

1. The Espinoza and Pacheco litigations are consolidated into a single action under Case Number 12-CV-5722. This consolidation is without prejudice to Defendants' position with respect to any other matter, including but not limited to: 1) whether any of the named entities and the individual Defendant were any Plaintiff's "employer" or "joint employer" under the Fair Labor Standards Act (FLSA) and New York Labor Law; 2) whether Plaintiffs are "similarly situated" to each other or any other individual within the meaning of the FLSA; and 3) whether Plaintiffs' claims are appropriate for disposition by a single trial or must be severed.

2. Plaintiffs shall provide a copy of the proposed consolidated Third Amended Complaint to counsel for Defendants for review and consent on or before October 19, 2012.

3. Defendants' shall provide their consent to the Third Amended Complaint on or before October 24, 2012. If Defendants do not consent to the proposed Third Amended Complaint as drafted, the parties shall meet and confer regarding the dispute. If the parties are unable to resolve their disputes, they will agree on a briefing schedule regarding Plaintiffs' motion to amend the current Complaint.

4. Absent a dispute regarding the proposed Third Amended Complaint pursuant to Paragraphs 2 and 3, Plaintiffs shall file the Third Amended Complaint on or before October 26, 2012.

5. Defendants shall respond to the Third Amended Complaint, if it is filed, on or before November 9, 2012.

6.  Plaintiffs shall file their motion for conditional certification of a collective action under the FLSA on or before November 16, 2012.

7.  Defendants shall file their opposition to the motion for conditional certification on or before December 7, 2012.

8.  Plaintiffs shall file their reply in support of the motion for conditional certification on or before December 21, 2012.

9.  The statute of limitations under the FLSA shall be tolled from October 12, 2012 to December 21, 2012 as to individuals later found to be "similarly situated" to Plaintiffs Espinoza and Pacheco under the FLSA, except that nothing in this Stipulation and Tolling Agreement shall be read to revive any claim under the FLSA that would have been considered untimely as of October 12, 2012, or be deemed an admission of liability or wrongdoing of any kind.

VIRGINIA & AMBINDER, LLP
*ATTORNEYS FOR PLAINTIFFS*
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080

By: _____
LLOYD AMBINDER, ESQ.
KARA MILLER, ESQ.

Dated: 10/12/12

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 410
Melville, New York 11747
(631) 247-0404

By: _____
MARC S. WENGER, ESQ.
NOEL P. TRIPP, ESQ.

Dated: 10/12/12

SO ORDERED on this 15 day of October, 2012

_____
United States District Judge

4823-7631-2593, v. 1