UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS OLMEDO ESPINOZA and GILBERTO PACHECO, individually and on behalf of all other persons similarly situated who were employed by 42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC, SHNY RESTAURANT GROUP LLC, and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN, <br><br> Plaintiffs, <br><br> - against - <br><br> 42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC, SHNY RESTAURANT GROUP LLC and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC, SHNY RESTAURANT GROUP LLC, and/or EYTAN SUGARMAN, individually, <br><br> Defendants. | CIVIL ACTION <br><br> Index No. 12-cv-5722(JGK) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder, Esq
Kara Miller, Esq.
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace, Esq.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200

*Attorneys for Plaintiffs and members of the putative class*

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES……………………………………………………………..ii

PRELIMINARY STATEMENT……………………………………………………………1

FACTUAL BACKGROUND……………………………………………………………..2

ARGUMENT…………………………………………………………………...…6

I.      CERTIFICATION OF THE COLLECTIVE ACTION IS PROPER
        BECAUSE PLAINTIFFS WERE ALL VICTIMS OF DEFENDANTS'
        COMMON POLICY AND PLAN NOT T0 PAY PLAINTIFFS THEIR
        LAWFUL WAGES……………………………………………...………………6

        A.  Court Supervised Notice is Liberally Granted and Plaintiffs' Burden is Minimal..…..8

        B.  Plaintiffs' Affidavits and Pleadings State That They And Their Co-Workers Were
            Not Paid Minimum Wages and Overtime Compensation As Required By The FLSA –
            This More Than Satisfied Plaintiffs' Burden………………………….………10

CONCLUSION …………………………………………………….……..11

# TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE**

Braunstein v. Eastern Photographic Lab., 600 F.2d 335 (2d Cir. 1978)……………………….7, 8

Diaz v. S&H Bondi's Dep't Store, Inc., No. 10 Civ. 7676 (PGG), 2012 U.S. Dist. LEXIS 5683

    (S.D.N.Y. Jan. 17, 2012)……………………………………………………………..7

Epps v. Oak St. Mortg. LLC, 2006 U.S. Dist. LEXIS 31896 (M.D. Fla. May 22, 2006)………..8

Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113 (S.D.N.Y. 2011)………………………..........10

Hallissey v. Am. Online, Inc., 2008 U.S. Dist. LEXIS 18387

    (S.D.N.Y. Feb. 19, 2008)…………………………………………………..…….9

Hoffmann v. Sbarro, 982 F.Supp. 249 (S.D.N.Y. 1997)……………………………………...7, 11

Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989)………………….….…………..7, 8

Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363 (S.D.N.Y.2007)…………...……8-9, 11

Jackson v. New York Tel. Co., 163 F.R.D. 429 (S.D.N.Y. 1995)……………….……..…..10

Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., 2012 U.S. Dist. LEXIS 76660,

    (S.D.N.Y. June 1, 2012)…………………………………………………...…..…….7

Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357 (S.D.N.Y. 2007)…..........................7

Masson v. Ecolab, Inc., No. 04 Civ. 4488 (MBM), 2005 U.S. Dist. LEXIS 18022

    (S.D.N.Y. Aug. 17, 2005)……………………………………………………..…….10

Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54 (E.D.N.Y. 2011)………………………...……9

Morales v. Plantworks, Inc., No. 05 Civ. 2349(DC), 2006 U.S. Dist. LEXIS 4267

    (S.D.N.Y. Feb. 2, 2006)……………………………………………………………….8

Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233 (11th Cir.2008)…………………..…….9

Myers v. Hertz Corp., 624 F.3d 537 (2nd Cir. 2010)……………………………………….8, 9

Paguay v. Barbasso, Inc., No. 11 Civ. 6266 (LTS)(HBP), 2012 U.S. Dist. LEXIS 99252

  (S.D.N.Y. July 17, 2012)……………………………………………….…8, 11

Patton v. Thomson, 364 F.Supp.2d 263 (E.D.N.Y. 2005)………………………………….7, 8

Pendlebury v. Starbucks Coffee Co., 2005 U.S. Dist. LEXIS 574 (S.D. Fla. Jan. 3, 2005)……...8

Salomon v. Adderley Indus., 847 F. Supp. 2d 561 (S.D.N.Y. 2012)……………..……………8, 9

Young v. Cooper Cameron Corp., 229 F.R.D. 50 (S.D.N.Y. 2005)…………………………….10

## PRELIMINARY STATEMENT

Virginia & Ambinder, LLP and Michael Faillace & Associates, P.C. represent Luis Olmedo Espinoza and Gilberto Pacheco ("Named Plaintiffs"), Opt-in Plaintiffs Angel Lopez and Pedro Lopez, ("Opt-in Plaintiffs) and members of the putative class (collectively, "Plaintiffs") in the instant wage and hour class action litigation. This action was brought to recover unpaid minimum wages and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law § 190 *et seq.*, New York Labor Law § 663, New York Labor Law § 650 *et seq*; 12 New York Codes, Rules, and Regulations § 146-1.2 and 1.4 against 42-15 235th Street Hospitality, LLC. formerly known as Southern Hospitality Restaurant Group, LLC, 1460 Second Avenue Restaurant Group, LLC, SHNY Restaurant Group LLC., and Eytan Sugarman and/or any other entities affiliated with, controlling, or controlled by 42-15 235th Street Hospitality, LLC., 1460 Second Avenue Restaurant Group, LLC, SHNY Restaurant Group LLC. and Eytan Sugarman individually, (hereinafter collectively referred to as "Southern Hospitality" or "Defendants").

Plaintiffs brought claims for unpaid minimum wages and overtime wages pursuant to the FLSA and New York Labor law. At this time, Plaintiffs are only moving to certify their FLSA claims. The FLSA requires an individual to affirmatively "opt-in" to a case. The three year statute of limitations for an FLSA claim runs from the date a non-Named Plaintiff "opts-in" to the action. The FLSA therefore differs from certification of a class action for Plaintiffs' New York Labor Law claims, where the statute of limitations is six years, and where Plaintiffs' claims run from the date the lawsuit was filed. In light of the fact that the statute of limitations for an individual's FLSA claim continues to run even after a lawsuit is commenced, courts routinely

1

grant certification of a collective action early in the litigation to notify individuals about their

FLSA claims to ensure that their rights do not expire during the discovery period.

Plaintiffs therefore seek an order pursuant to 29 U.S.C. § 216(b) granting conditional

certification and authorizing Plaintiffs to send notice to current and former employees of

Southern Hospitality. Specifically, Plaintiffs seek conditional certification of the following

similarly situated individuals:

> Plaintiffs and all other individuals who currently or formerly
> worked for Defendants at Southern Hospitality (at the Second
> Avenue and/or Ninth Avenue locations) and/or Strawberry's
> Sports Grill from October 12, 2009[1] to the present. Corporate
> officers, shareholders, directors, and administrative employees are
> not part of the defined collective.

For the reasons set forth below, Plaintiffs' motion should be granted.

## FACTUAL BACKGROUND

The Defendants employed Plaintiffs at one or more of their three New York restaurants

doing business as Southern Hospitality and Strawberry's Sports Grill.   Beginning in

approximately July 2006 and continuing through the present, Defendants failed to pay employees

the minimum hourly wage for all hours worked and failed to pay employees overtime wages  for

all hours worked over forty (40) each week.

Named Plaintiff Espinoza worked for Defendants from approximately 2010 to July 2012

as a runner and food expediter.  [*See* Affidavit of Luis Olmedo Espinoza ("Espinoza Aff.")

annexed to the Affidavit of Kara Miller ("Miller Aff.") as Exhibit "1" at ¶ 2.]   During his

employment, Plaintiff Espinoza worked at all three of Defendants' restaurant locations, Southern

---

[1] Pursuant to the October 15, 2012 stipulation, claims for similarly situated individuals are tolled from October 12, 2012 to December 21, 2012.  [See Docket No. 13.]

Hospitality on Second Avenue, Southern Hospitality on Ninth Avenue, and Strawberry's Sports Grill, typically working at one location in the morning and another location in the afternoon. [Espinoza Aff. ¶¶ 3, 5.]  Plaintiff Espinoza normally worked 6 days per week.  [Espinoza Aff. ¶ 5.] Most recently, Plaintiff Espinoza worked at Southern Hospitality's Ninth Avenue location Monday through Thursday from approximately 11:00 a.m. to 4:00 p.m. and Fridays and Saturdays from approximately 11:00 a.m. to 5:00 p.m.  [Espinoza Aff. ¶ 5.]  At the same time, Plaintiff Espinoza worked at Southern Hospitality's Second Avenue location Monday through Friday and sometimes on Saturday from 5:00 p.m. to 10:00 p.m.  [Espinoza Aff. ¶ 5.]  Plaintiff Espinoza was paid between $11.00 and $12.00 per hour when he worked as a non-tipped food expeditor, and approximately $4.60 to $5.00 per hour plus tips when he worked as a runner. [Espinoza Aff. ¶ 6.]

Named Plaintiff Gilberto Pacheco worked for Defendants from approximately August 2007 to July 9, 2012 as a grill cook.  [*See* Affidavit of Gilberto Pacheco ("Pacheco Aff.") annexed to the Miller Aff. as Exhibit "2" at ¶¶ 2-3.]  Plaintiff Pacheco worked at Southern Hospitality's Second Avenue location.   [Pacheco Aff. ¶ 2.]   In the first two weeks of his employment, Plaintiff Pacheco worked 80 hours a week. [Pacheco Aff. ¶ 4.]  Thereafter, until about September 2009, Plaintiff Pacheco typically worked from 4:00 p.m. to 1:00 a.m. on Fridays and Saturdays and from 4:00 p.m. to 12 a.m. four additional days each week.  [Pacheco Aff. ¶ 5.]  During this time, he was paid a set weekly salary of $450 per week, regardless of the number of hours he actually worked.  [Pacheco Aff. ¶¶ 4, 6.]   Beginning in or around September 2009, Plaintiff Pacheco was paid an hourly salary, starting at $12.00 per hour and receiving occasional raises until he was paid $15.00 per hour in July 2012.  [Pacheco Aff. ¶ 8.]

Opt-in Plaintiff Angel Lopez worked for Defendants from approximately June 2011 through July 2012 as a food runner. [Affidavit of Angel Lopez ("Lopez Aff.") annexed to the Miller Aff. as Exhibit "3" at ¶¶ 2-3.] Plaintiff Lopez primarily worked at Southern Hospitality's Ninth Avenue location, but also worked at the Second Avenue location for two weeks. [Lopez Aff. ¶ 2.] Plaintiff Lopez typically worked six days per week from approximately 11:00 a.m. to 10:00 p.m. [Lopez Aff. ¶ 4.] Plaintiff Lopez was told that he received $5.00 per hour plus tips. [Lopez Aff. ¶ 5.] However, Plaintiff Lopez was paid in cash, and regardless of how many hours he actually worked, he always received $300.00 each week for his weekly hourly wages. [Lopez Aff. ¶ 5.]

Defendants used a variety of tactics to underpay their workers. Plaintiff Pacheco and Opt-in Plaintiff Lopez were paid a set weekly rate, regardless of the number of hours they worked. [Pacheco Aff. ¶ 4, 6; Lopez Aff. ¶6.] They thus did not receive minimum wages for all hours worked nor overtime pay. Plaintiff Espinoza was scheduled to work at more than one of Defendants' restaurant locations in the same week. [Espinoza Aff. ¶5, 8.] Plaintiff Espinoza did not receive overtime pay for the hours he worked over 40 because Defendants paid him separate checks for each location. [Espinoza Aff. ¶8.] Although Plaintiffs Pacheco (once he was paid hourly) and Espinoza received some overtime pay when they worked more than 40 hours at only one restaurant location, they were routinely missing 2 to 3 hours from their paycheck each week. [Pacheco Aff. ¶ 11; Espinoza Aff. ¶7.] Plaintiffs thus allege that they were not paid minimum wages for all hours worked, nor overtime hours for all hours they worked over 40 each week. [See Pacheco Aff. ¶ 16; Espinoza Aff. ¶¶ 7-8; Lopez Aff. ¶8.] Plaintiff Pacheco complained on multiple occasions to his manager Chris and to John the Chef about the fact that he was not paid

4

for all the hours that he worked, but they did not do anything to fix the problem.  [Pacheco Aff. ¶ 13.]

It is clear that Defendants' tactics to underpay workers were common policies that would affect all former and current employees.  The Plaintiffs are three separate individuals who collectively worked at all three of Defendants' restaurant locations and testified that they were not paid minimum wages for all hours worked and/or overtime wages for all hours worked over 40 each week.  The Plaintiffs also worked in both tipped and non-tipped positions, in both the front of house and back of house (kitchen).   As such, it is clear that all employees, regardless of their job position, were subjected to Defendants' unlawful policies.  Additionally, Plaintiffs testified that, just like them, their co-workers were also not paid minimum wages and overtime wages.  Plaintiff Espinoza remembers speaking to Angel Lopez, Carlos, Miguel, Luis, and Aiden about unpaid wages.  [Espinoza Aff. ¶ 11.]  Plaintiff Lopez remembers speaking to Carlos, Luis, and Julio about not getting paid proper wages.  [Lopez Aff. ¶ 9.]  Plaintiff Pacheco remembers speaking to Carlos Parra, Santiago Flores, Cesar Zurita, Adrian, and Manual Rojas about not receiving pay for all hours worked or overtime pay.  [Pacheco Aff. ¶ 17.]

The three restaurant locations were jointly owned by Defendants Eytan Sugarman and had common management.  Plaintiff Espinoza testified that he saw Defendant Sugarman and general manager Chris Rodes at all three of Defendants' restaurant locations and would tell him and others what to do.  [Espinoza Aff. ¶ 4.]  Plaintiff Pacheco further testified that Defendant Sugarman was at the restaurant almost every day and gave orders to managers, who in turn would give the orders to him and other employees.  [Pacheco Aff. ¶ 15.]

Upon information and belief, Defendant Eytan Sugarman is a shareholder, corporate

officer, president, vice president, director, and/or owner of Southern Hospitality.   Eytan

Sugarman made major personnel decisions for Southern Hospitality such as (i) the hiring and

firing of employees; (ii) supervising and controlling employee work schedules or conditions of

employment; (iii) determining the rate and method of payment for Southern Hospitality

employees; and (iv) maintaining employment records. Thus, Eytan Sugarman had control of the

alleged activities of Southern Hospitality that gave rise to the claims brought in this action.  [*See*

also Third Amended Complaint, attached to the Miller Decl. as Exhibit "4", ¶¶ 48-50.]

## ARGUMENT

**I.      CERTIFICATION OF THE COLLECTIVE ACTION IS PROPER BECAUSE PLAINTIFFS WERE ALL VICTIMS OF DEFENDANTS' COMMON POLICY AND PLAN NOT TO PAY PLAINTIFFS THEIR LAWFUL WAGES**

As stated above, Plaintiffs seek an order pursuant to 29 U.S.C. § 216(b), authorizing

Plaintiffs to send a Notice of Pendency of Collective Action ("Notice") and a Consent to Join

("opt-in") form to all prospective members of the collective who did not receive minimum wages

for all hours worked and/or overtime compensation for all hours worked over 40 allegedly owed

to them by Defendants.  Plaintiffs' proposed Notice of Lawsuit form, Consent to Join Form, and

proposed Publication Order are annexed to the Miler Decl. as Exhibits "5," "6," and "7"

respectively.

The FLSA, 29 U.S.C. § 216(b) provides in pertinent part that:

> [a]n action…may be maintained against any employer (including a
> public agency) in any Federal or State court of competent
> jurisdiction by any one or more employees for and on behalf of
> himself or themselves and other employees similarly situated. No
> employee shall be a party plaintiff to any such action unless he
> gives his consent in writing to become such a party and such
> consent is filed in the court in which such action is brought.

This provision of the FLSA has been interpreted to establish an "opt-in" scheme in which plaintiffs must affirmatively notify the court of their intentions to be a party to the suit. *See e.g.* Diaz v. S&H Bondi's Dep't Store, Inc., No. 10 Civ. 7676 (PGG), 2012 U.S. Dist. LEXIS 5683 (S.D.N.Y. Jan. 17, 2012) (*citing* Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368-69 (S.D.N.Y. 2007). The purpose of this provision allows for an early and orderly prosecution of this action by advising all potential collective action members of the pendency of this action, and the basic nature of the claims. Furthermore, it insures against inconsistent results through competing lawsuits by other aggrieved workers who may be contemplating legal action. In particular, early notice will help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case. This reasoning has repeatedly been applied in FLSA collective actions similar to the instant action. *See e.g.* Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., 2012 U.S. Dist. LEXIS 76660, *4-5 (S.D.N.Y. June 1, 2012) ("The Supreme Court has recognized that the benefits of collective action accrue to plaintiffs only if they 'receiv[e] accurate and timely notice concerning the pendency of the collective action'… [C]ourt-authorized notice is appropriate to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy.") (*quoting* Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989) (*citing* Lynch, 491 F. Supp. 2d at 371); Patton v. Thomson, 364 F.Supp.2d 263, 267-68 (E.D.N.Y. 2005) (holding that collective action notice should be sent early, rather than "awaiting the completion of discovery…[as] 'a means of facilitating the Act's broad remedial purpose and promoting efficient case management.'") (*quoting* Hoffmann v. Sbarro, 982 F.Supp. 249, 262 (S.D.N.Y. 1997) (*citing* Braunstein v. Eastern Photographic Lab., 600 F.2d 335, 336 (2d Cir. 1978).

7

Additionally, there is no prejudice to the Defendants, as the proposed Notice and opt-in form do not provide anything more than a court-approved general description of the action, a history of the proceedings, and an explanation of opt-in procedures.  Patton, 364 F.Supp.2d at 267-68.

It has been held that district courts have the discretion to facilitate notice to potential members of the class under the FLSA. Hoffmann-La Roche v. Sperling, 493 U.S. 165 (U.S. 1989); Braunstein, 600 F.2d at 336. The Second Circuit has held that giving courts the power to facilitate notice "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." Braunstein, 600 F.2d at 336.

**A.  Court Supervised Notice is Liberally Granted and Plaintiffs' Burden is Minimal**

Court-supervised notice to potential class members generally occurs during the first stage of a two-part procedure where courts determine whether the potential plaintiffs in a class action are "similarly situated" in accordance with 29 U.S.C. § 216(b).  *See e.g.* Salomon v. Adderley Indus., 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012) (*citing* Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2nd Cir. 2010); Paguay v. Barbasso, Inc., No. 11 Civ. 6266 (LTS)(HBP), 2012 U.S. Dist. LEXIS 99252, 4-5 (S.D.N.Y. July 17, 2012) (*citing* Morales v. Plantworks, Inc., No. 05 Civ. 2349(DC), 2006 U.S. Dist. LEXIS 4267 at *1 (S.D.N.Y. Feb. 2, 2006).

The first stage, also referred to as the notice stage, takes place prior to discovery, requiring the court to make its determination on whether to certify the class based on the limited evidence then available. Pendlebury v. Starbucks Coffee Co., 2005 U.S. Dist. LEXIS 574 at *3 (S.D. Fla. Jan. 3, 2005); Epps v. Oak St. Mortg. LLC, 2006 U.S. Dist. LEXIS 31896 (M.D. Fla. May 22, 2006). The Court in Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363

8

(S.D.N.Y.2007) explained:

> At the first stage, the court will look at the pleadings and affidavits. If the plaintiff satisfies "the minimal burden of showing that the similarly situated requirement is met," the court certifies the class as a collective action. *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005). At this juncture – also termed the "notice stage" – the court applies "a fairly lenient standard" and (when it does so) typically grants "conditional certification." *Torres v. Gristede's Operating Corp.*, 2006 U.S. Dist. LEXIS 74039 at *7 (S.D.N.Y. Sept. 28, 2006) (quoting *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409 (W.D.Pa. 2000)). Potential class members are then notified and provided with an opportunity to opt in to the action. *Scholtisek*, 229 F.R.D. at 387.

Id. at 367.

To show that they are "similarly situated" Plaintiffs "need only make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Salomon v. Adderley Indus., 847 F. Supp. 2d 561, 563-564 (S.D.N.Y. 2012) (*quoting* Myers, 624 F.3d at 555). Plaintiffs can satisfy their burden by showing that "'there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions.'" Id. (*quoting* Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258-62 (11th Cir.2008)). "Courts regularly rely on plaintiffs' affidavits and hearsay statements in determining the propriety of sending notice." Id. (*citing* Moore v. Eagle Sanitation, Inc., 276 F.R.D. 54, 59 (E.D.N.Y. 2011)); *see also* Hallissey v. Am. Online, Inc., 2008 U.S. Dist. LEXIS 18387 at *1 (S.D.N.Y. Feb. 19, 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.");

This is a more liberal and lenient standard than the required showing under Fed. R. Civ. Pro. 23 because "Plaintiffs need not show numerosity, typicality, commonality, and adequate

representation for collective action certification." Espinoza v. 953 Assocs. LLC, 280 F.R.D.

113, 121 (S.D.N.Y. 2011); *see also* Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54

(S.D.N.Y. 2005); Masson v. Ecolab, Inc., No. 04 Civ. 4488 (MBM), 2005 U.S. Dist. LEXIS

18022 (S.D.N.Y. Aug. 17, 2005) (collective action certification "is less stringent than the

ultimate determination that the class is properly constituted.") (*quoting* Jackson v. New York

Tel. Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995)).

> **B. Plaintiffs' Affidavits and Pleadings State That They And Their Co-Workers Were Not Paid Minimum Wages and Overtime Compensation As Required By The FLSA – This More Than Satisfied Plaintiffs' Burden**

The Plaintiffs in the instant matter have clearly met the minimal standard required to

certify the collective action and send a court authorized notice.  Plaintiffs testified about the

multiple tactics Defendants' used to avoid paying them minimum wages for all the hours that

they worked and overtime compensation at time and one half their regular hourly wage for all the

hours over forty (40) that they worked in any given week.  [See Pacheco Aff. ¶ 16; Espinoza Aff.

¶¶ 7-8; Lopez Aff. ¶8.]  Plaintiffs further testified that their co-workers were subjected to the

same policies and similarly not paid for all hours worked or overtime compensation, which they

know because they spoke to their co-workers about not being paid all of their wages.  [See

Pacheco Aff. ¶ 17; Espinoza Aff. ¶¶ 11; Lopez Aff. ¶9.]   Additionally, Plaintiffs collectively

worked at all three of Defendants' restaurant locations, which were jointly owned and managed,

and the same unlawful policies and procedures therefore occurred at all three restaurants.   [See

generally Pacheco Aff.; Espinoza Aff.; Lopez Aff.]

It is clear that Plaintiffs have sufficiently established "a colorable basis" for their claim

that Defendants engaged in a policy and practice of failing to pay employees wages for all hours

worked and overtime compensation for all hours worked over 40 in any given week. *See e.g.* Paguay, 2012 U.S. Dist. LEXIS 99252 at *5-6 (*citing* Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 263 (S.D.N.Y. 1997)). Plaintiffs "have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and, to the best of their knowledge and on the basis of their observations, their experience was shared by members of the proposed class." Iglesias-Mendoza, 239 F.R.D. at 368.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request this Court grant Plaintiffs' motion to certify the collective and authorize that a court approved notice be sent to members of the putative collective, and such further relief as this Court deems necessary.

Dated:  November 16, 2012
           New York, New York

                                                    VIRGINIA & AMBINDER, LLP

                                                    _____/s/_____
                                                    Lloyd R. Ambinder, Esq.
                                                    Kara Miller, Esq.
                                                    Trinity Centre
                                                    111 Broadway, Suite 1403
                                                    New York, New York 10006
                                                    (212) 943-9080
                                                    kmiller@vandallp.com

                                                              and

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace, Esq.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200

*Attorneys for Plaintiffs and members of the putative class*

12