UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS OLMEDO ESPINOZA and GILBERTO PACHECO, individually and on behalf of all other persons similarly situated who were employed by 42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC, SHNY RESTAURANT GROUP LLC, and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC and/or EYTAN SUGARMAN, | CIVIL ACTION<br><br>Index No. 12-cv-5722(JGK) |
| Plaintiffs, | |
| - against - | **FOURTH AMENDED COMPLAINT** |
| 42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC, SHNY RESTAURANT GROUP LLC and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC, SHNY RESTAURANT GROUP LLC, and/or EYTAN SUGARMAN, individually, | |
| Defendants. | |

The Named Plaintiffs, by their attorneys, Virginia and Ambinder, LLP and Michael Faillace & Associates, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 663; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.2 and 146-1.4 to recover unpaid minimum wages and overtime compensation owed to LUIS OLMEDO

ESPINOZA and GILBERTO PACHECO (hereinafter the "Named Plaintiffs"), and all similarly situated persons who are presently or were formerly employed by 42-15 235TH STREET HOSPITALITY, LLC. formerly known as SOUTHERN HOSPITALITY RESTAURANT GROUP, LLC, 1460 SECOND AVENUE RESTAURANT GROUP, LLC, SHNY RESTAURANT GROUP LLC, (collectively the "Corporate Defendants") and/or EYTAN SUGARMAN and/or any other entities affiliated with, controlling, or controlled by 42-15 235TH STREET HOSPITALITY, LLC., 1460 SECOND AVENUE RESTAURANT GROUP, LLC, SHNY RESTAURANT GROUP LLC, and/or EYTAN SUGARMAN, individually (hereinafter collectively referred to as "Defendants").

2.     Beginning in approximately July 2006, and upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring the Named Plaintiffs and members of the putative class to regularly work without being paid minimum wages and overtime wages as required by applicable federal and state law.

4.     Under the direction of Defendants' corporate officer and/or director Eytan Sugarmn, Defendants instituted this practice of depriving their employees of minimum wages and overtime compensation, as mandated by federal and state law.

5.     The Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation, including minimum wages and overtime compensation, that they and all similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

## THE PARTIES

6.     Named Plaintiff Luis Olmedo Espinoza resides in the State of New York and was employed by Defendants from approximately 2010 until July 2012 as a runner and food

expediter.

7.      Named Plaintiff Gilberto Pacheco resides in the State of New York and was employed by Defendants from approximately August 2007 until July 9, 2012 as a grill cook.

8.      Defendant 42-15 235th Street Hospitality, LLC (formerly known as Southern Hospitality Restaurant Group, LLC) d/b/a Strawberry's Sports Grill is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 42-15 235th Street Douglaston, NY 11363. Defendant 15 235th Street Hospitality, LLC is engaged in the restaurant business.

9.      Defendant 1460 Second Avenue Restaurant Group LLC d/b/a Southern Hospitality is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1460 Second Avenue, New York, New York 10021 and/or 645 9th Avenue, New York, New York 10036. Defendant 1460 Second Avenue Restaurant Group LLC is engaged in the restaurant business.

10.     Defendant SHNY Restaurant Group, LLC d/b/a Southern Hospitality is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1460 Second Avenue, New York, New York 10021 and/or 645 9th Avenue, New York, New York 10036. Defendant SHNY Restaurant Group, LLC is engaged in the restaurant business.

11.     Upon information and belief, Defendant Eytan Sugarman is a resident of the State of New York at 1460 Second Avenue, New York, New York 10021 and at all relevant times was an officer, director, and/or owner of 42-15 235th Street Hospitality, LLC, 1460 Second Avenue Restaurant Group LLC, and SHNY Restaurant Group, LLC.

## JURISDICTION

12.    Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §§ 206, 207 and 216(b) and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. §1367 of the claims brought under the New York Law.

13.    The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

14.    The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

15.    Venue for this action in the Southern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## CLASS ALLEGATIONS

16.    This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure with respect to the New York Labor Law claims asserted herein.

17.    This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants other than office and executive personnel.

18.    The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

19.    The questions of law and fact common to the putative class predominate over any

questions affecting only individual members. The common questions of law and fact include: (1) whether Plaintiffs and members of the putative class were paid minimum wages for all horus worked and (2) whether Plaintiffs and members of the putative class were paid overtime compensation for all hours worked over 40 each week.

20.     The claims of the Named Plaintiffs are typical of the claims of the putative class. Plaintiffs and putative class action members were all subject to Defendants policies and willful practices of failing to pay employees all earned minimum and overtime wages. The Plaintiffs and the putative class action members thus have sustained similar injuries as a result of the Defendants' actions.

·21.     The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

22.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

23.     Beginning in or about 2006, Defendants employed Plaintiffs and other members of the putative class to perform work in furtherance of their restaurant business, which includes, but is not limited to, servers, runners, bussers, food expediters, cooks, dishwashers, and other employees.

24.     Defendants operate three restaurants: Southern Hospitality on Second Avenue,

Southern Hospitality on Ninth Avenue, and Strawberry's Sports Grill.

25.     Plaintiffs and upon information and belief members of the putative class were not paid minimum wages for all hours worked.

26.     Plaintiffs and upon information and belief members of the putative class were not paid overtime wages for all hours worked over 40.

27.     Named Plaintiff Espinoza worked at Southern Hospitality on Second Avenue, Southern Hospitality on Ninth Avenue, and Strawberry's Sports Grill during his employment.

28.     While working for Defendants, Plaintiff Espinoza typically worked 6 days per week. Most recently, he typically worked Monday through Thursday from approximately 11:00 AM to 4:00 PM and Fridays and Saturdays from approximately 11:00 AM to 5:00 PM at the Ninth Avenue location, and from approximately 5:00 PM to 10:00 PM Monday through Fridays, and sometimes Saturdays, at the Second Avenue location.

29.     While working for Defendants, Plaintiff Espinoza was paid between $11.00 and $12.00 per hour when working as a non-tipped food expeditor, and was paid approximately $4.60 per hour plus tips when working as a tipped runner.

30.     Plaintiff Espinoza did not receive breaks during his work hours.

31.     Plaintiff Espinoza would regularly be missing 2 to 3 hours from his pay check each week.

32.     Plaintiff Espinoza regularly worked more than 40 hours each week.

33.     Plaintiff Espinoza was not paid minimum wages for all hours worked nor overtime hours for all hours worked over 40 each week.

34.     Plaintiff Pacheco worked for Defendants at the second avenue location as a grill cook.

35.     During the first two weeks of work in August 2007, Plaintiff Pacheco worked 80 hours per week and the Defendants did not require him to keep any records of these hours.

36.     From approximately August 2007 to September 2009, Plaintiff Pacheco typically worked 6 days a week for approximately 52 hours a week. His schedule was approximately 4:00 p.m. to 1:00 a.m. Fridays and Saturdays and from 4:00 p.m. to 12:30 a.m. four additional days a week.

37.     From approximately September 2009 to July 2012 Plaintiff Pacheco worked a variety of hours each week and although he was paid overtime, his paychecks always failed to pay him for at least three hours each week.

38.     Except for his first two weeks of work, Plaintiff Pacheco was paid his wages by check.

39.     From approximately August 2007 until September 2009, Plaintiff Pacheco was paid $450 or $500 each week regardless of the number of hours that he worked. Thereafter Plaintiff Pacheco was paid an hourly rate of between $12.00 and $15.00 per hour.

40.     Plaintiff Pacheco did not receive any breaks during his work hours.

41.     Plaintiff Pacheco would regularly be missing 2 to 3 hours from his paycheck each week.

42.     Plaintiff Pacheco was not paid minimum wages for all hours worked nor overtime hours for all hours worked over 40 each week.

43.     Upon information and belief, members of the putative class also did not receive the required minimum wages or overtime compensation for all hours worked over 40.

44.     Defendants constitute joint employers.

45.     Upon information and belief, Eytan Sugarman is and at all relevant times was the

presidents and/or owners of the corporate Defendants, and (i) had the power to hire and fire employees for those entities; (ii) supervised and controlled employee work schedules or conditions of employment for Corporate Defendants; (iii) determined the rate and method of payment for the Corporate Defendants' employees; and (iv) maintained employment records for the Corporate Defendants.

46.     Upon information and belief, Defendant Eytan Sugarman was the principal and owner of the Corporate Defendants, dominated the day-to-day operating decisions of the Corporate Defendants, and made major personnel decisions for the Corporate Defendants.

47.     Upon information and belief, Eytan Sugarman had complete control of the alleged activities of the Corporate Defendants, which give rise to the claims brought herein.

48.     Plaintiff Espinoza regularly saw Eytan Sugarman at all three of Defendants' restaurant locations.  Defendant Sugarman would tell managers and employees what to do.

49.     Plaintiff Pacheco regularly saw Defendant Sugarman at the second avenue restaurant location where he worked.  Defendant Sugarman would give orders to the managers who would then relay the orders to Plaintiff Pacheco and his co-workers.

50.     When the restaurant was busy or there were any issues, Defendant Sugarman would expedite food service, going into the kitchen to find out how long it was taking food to be cooked and given to customers.  Defendant Sugarman would order Plaintiff Espinoza and other food expeditors, telling them to run the food faster, who to take it to, etc.

51.     When Defendant Sugarman was at the restaurant, managers would tell employees to make sure everything was perfect for the boss.

52.     When Strawberry's Sports Grill first opened for business, Defendant Sugarman gave a speech to the employees where he introduced himself as the owner and boss and he and

-8-

the managers told staff how the restaurant would operate.

53.     Defendants' managers reported to Defendant Sugarman. Defendant Sugarman therefore had ultimate control over Defendants' practices and policies, including payroll and the hiring and firing of employees.

54.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

55.     Upon information and belief, Defendants engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

**FIRST CAUSE OF ACTION**
**FLSA MINIMUM WAGE COMPENSATION**

56.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 55 hereof.

57.     Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

58.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

59.     Plaintiffs and other members of the putative class are employees, within the

meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

60.    42-15 235th Street Hospitality, LLC constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

61.    1460 Second Avenue Restaurant Group LLC constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

62.    SHNY Restaurant Group, LLC constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

63.    Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Eytan Sugarman constitutes an "employer" for the purpose of the FLSA and, consequently, is liable for violations of the FLSA.

64.    Defendants failed to pay Plaintiffs and upon information and belief other members of the putative class all earned minimum wages for the time they worked for Defendants in any given week.

65.    The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages was willful.

66.    By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## FLSA OVERTIME COMPENSATION

67.    Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 66 hereof.

68.    Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or

in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

69.     Defendants failed to pay Plaintiffs and upon information and belief, other members of the putative class, overtime wages, at the rate of one and one-half times the regular rate of pay, for all the time in which they worked after the first forty hours in any given week.

70.     Defendants' failure to pay Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

71.     By the foregoing reasons, Defendants are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK MINIMUM WAGE COMPENSATION

72.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 71 hereof.

73.     Pursuant to New York Labor Law Article 19 § 652 and 12 NYCRR 146-1.2, "the basic minimum hourly rate shall be $7.25 per hour, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

74.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

75.     42-15 235th Street Hospitality, LLC is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New

York State Department of Labor Regulations.

76.     1460 Second Avenue Restaurant Group LLC is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

77.     SHNY Restaurant Group, LLC is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

78.     Eytan Sugarman is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

79.     Plaintiffs and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

80.     Upon information and belief, Defendants violated New York Labor Law Article 19 § 650, *et. seq.* and 12 NYCRR 146-1.2 by failing to pay Plaintiffs and other members of the putative class minimum wages for all hours worked in any given week.

81.     Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages was willful.

82.     By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 650 *et seq.* and12 NYCRR 146-1.2 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## <u>NEW YORK OVERTIME COMPENSATION LAW</u>

83.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 82 hereof.

84.     12 NYCRR §146-1.4 requires that "[A]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek. When an employer is taking a credit toward the basic minimum hourly rate pursuant to section 146-1.3 of this Subpart, the overtime rate shall be the employee's regular rate of pay before subtracting any tip credit, multiplied by 1 1/2, minus the tip credit. It is a violation of the overtime requirement for an employer to subtract the tip credit first and then multiply the reduced rate by one and one half."

85.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

86.     Plaintiffs and, upon information and belief other members of the putative class, worked more than forty hours a week while working for Defendants.

87.     Plaintiffs and, upon information and belief other members of the putative class, did not receive overtime compensation for all hours worked after the first forty hours in a week.

88.     Consequently, by failing to pay Plaintiffs and other members of the putative class overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 146-1.4.

89.     Upon information and belief, Defendants' failure to pay overtime compensation

for work performed by Plaintiffs and other members of the putative class after the first forty hours worked in a week was willful.

90.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 146-1.4, and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

WHEREFORE, Plaintiffs individually and on behalf of all other persons similarly situated who were employed by Defendants demands judgment:

1.     on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

2.     on their second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

3.     on their third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

4.     on their fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs; and

5.     such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      January 2, 2013

                              VIRGINIA & AMBINDER, LLP

                              By: _____
                                    Lloyd R. Ambinder, Esq.
                                    Kara Miller, Esq.
                              Trinity Centre
                              111 Broadway, Suite 1403
                              New York, New York 10006
                              (212) 943-9080
                              kmiller@vandallp.com

                                        and

                              MICHAEL FAILLACE & ASSOCIATES, P.C.
                              Michael Faillace, Esq.
                              60 East 42nd Street, Suite 2020
                              New York, New York 10165
                              (212) 317-1200

                              *Attorneys for Plaintiffs and members of the putative
                              class*

-15-